UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DAVID L. ANDREWS,                )
                                 )
            Petitioner,          )
                                 )
v.                               ) Case No. 4:07CV1656  RWS
                                 )
UNITED STATES OF AMERICA,        )
                                 )
            Respondent.          )

## MEMORANDUM AND ORDER

This matter is before me on Petitioner David Andrews' motion under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  Andrews' grounds for

relief include allegations that he received ineffective assistance of counsel and that his Fourth

Amendment rights were violated.  For the reasons set forth below, the motion will be denied.

## I.    Background

On April 19, 2004, Andrews was stopped by Sgt. Adam Kavanaugh of the Saint Louis

County Police Department after Sgt. Kavanaugh observed the vehicle being operated by Andrews

had expired license plates.  After pulling Andrews over, Sgt. Kavanaugh conducted a computer

check and learned that Andrews had prior convictions for drug trafficking.  Sgt. Kavanaugh then

conducted a search of Andrews' vehicle.  During Sgt. Kavanaugh's search of Andrews' vehicle,

he discovered some pills not in their original container and $3,050 in the center console.  Sgt.

Kavanaugh then placed Andrews under arrest.

Sometime later, an assist officer arrived at the scene and a drug dog was requested.  The

dog arrived and alerted the officers to a specific area of Andrews' vehicle.  A search of that area

resulted in the seizure of a quantity of cocaine base (crack).  Andrews was then taken to the Saint

Louis County jail and a search of his person revealed an additional quantity of cocaine base

(crack) in his sock. The seized drugs were conveyed to the Saint Louis County Police Department Laboratory, analyzed, and found to be 7.98 grams of cocaine base.

Andrews was arraigned on April 28, 2006 before the Honorable Thomas C. Mummert and given a date of May 19, 2006 on which an evidentiary hearing would be held on any filed pretrial motions. At the arraignment, Assistant Federal Public Defender Thomas Flynn, Andrews' appointed counsel, filed a pretrial suppression motion. However, at the hearing on May 19, 2006 before Magistrate Mummert, Mr. Flynn advised the Court that he had met with Andrews and discussed the discovery materials, including the police reports underlying the charges, and that it was Andrews' decision to withdraw the previously filed suppression motion. Magistrate Mummert conducted an examination of Andrews who advised the Court that he wished to the withdraw the motion. Magistrate Mummert then granted Andrews' request to withdraw the suppression motion.

On July 6, 2006, Andrews pleaded guilty to the indictment charging him with Possession with Intent to Distribute In Excess Of Five Grams Of Cocaine Base (Crack).

In Andrews' plea agreement, the parties waived the right to file a direct appeal. The agreement further stated that Andrews agreed to waive all rights to contest his conviction and sentence in any postconviction proceeding, including one pursuant to 28 U.S.C. § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

On September 22, 2006, I sentenced Andrews to a term of incarceration of thirty-seven months and a three year term of supervised release. Andrews did not appeal the judgment, but on September 21, 2007, he filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

## II.    Grounds for Relief

In his § 2255 motion filed on September 21, 2007, Andrews raised the following grounds

for relief:

(1)      Trial counsel was constitutionally ineffective for failing to move for a dismissal of charges that were brought pursuant to an alleged illegal stop and search and seizure of his vehicle and for failing to litigate a pretrial Motion To Suppress Evidence.

(2)      His Fourth Amendment rights were violated by the stop, one hour delay, and search and seizure of his vehicle.

**III.    Analysis**

*A.    An Evidentiary Hearing is Not Warranted*

An evidentiary hearing need not be held if Andrews' "allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998). Because Andrews' allegations are refuted by the record there is no basis for an evidentiary hearing.

*B.    Ineffective Assistance of Counsel*

To state a claim for ineffective assistance of counsel, Andrews must prove two elements. First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. Id. at 689.

Second, Andrews "must show that the deficient performance prejudiced the defense." Id. at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Counsel is not ineffective for failing to make a meritless argument. See Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994).

In his first ground for relief in his § 2255 motion, Andrews asserts that his counsel was ineffective for failing to move for a dismissal of charges that were brought pursuant to an alleged illegal stop and search and seizure of his vehicle and for failing to litigate a pretrial Motion To Suppress Evidence.

This claim fails because Andrew's counsel made a tactical decision not to litigate these issues. Andrews alleges that his counsel was deficient for failing to litigate a pretrial motion to suppress on the basis that the traffic stop was illegal, the initial search of his vehicle was illegal, and it took an hour for a drug dog to arrive at the location of the traffic stop. I note that counsel did raise each of these issues in a pretrial suppression motion.

However, counsel made the determination that, based on evidence produced in discovery and a review of case law, the pretrial Motion to Suppress would not be successful. Counsel told Andrews his opinion and Andrews agreed to withdraw the suppression motion. (Affidavit of Thomas F. Flynn Attached to Respondent's Resp. To Show Cause Order). U.S. Magistrate Judge Thomas Mummert questioned Andrews about his decision to withdraw the motion to suppress and allowed the motion to be withdrawn.

The investigative report of the St. Louis County Police Department apparently reflects that Andrews consented to the search of his vehicle (this is asserted in Respondent's brief but the report was not placed in the record in this proceeding). Andrews contends in his § 2255 petition that he did not consent to the search. He raised this lack of consent issue in his motion to suppress and knowingly waived that defense by withdrawing that motion with the consent of Judge Mummert. Andrews' counsel made a tactical decision to advise Andrews to withdraw the

-4-

motion based on his review of the evidence in the case and the case law. Such a determination cannot be said to amount to ineffective assistance of counsel.

Furthermore, Andrews' assertion that his original traffic stop was illegal is without a factual basis. Andrews admitted, in his plea agreement and at the change of plea hearing, that he had been pulled over for having expired license plates on his vehicle.

Andrews also admitted in his plea agreement and at the change of plea hearing that he was placed under arrest after Sgt. Kavanaugh found some pills not in their original container and $3,050 in the center console. Because Andrews was in full custody after that point the timeliness of the drug dog's arrival becomes moot. However, even if Andrews was not under arrest at the time, his argument would still not have prevailed. Even adopting Andrews' position that it took an hour for the drug dog to arrive, the Eighth Circuit has held that a one hour delay in a traffic stop for a drug dog to arrrive is not unreasonable. United States v. Bloomfield, 40 F.3d 910, 917 (8th Cir. 1994). Therefore, Andrews' motion to suppress would have failed and his counsel properly withdrew the motion.

As a result, I will deny Andrews' claim of ineffective assistance of counsel.

C.     *Fourth Amendment Violation*

Andrews asserts that his Fourth Amendment rights were violated by the stop, one hour delay, and search and seizure of his vehicle.

As an initial matter, I note that Andrews may not raise this argument for the first time in an application for post-conviction relief. "Section 2255 is not a substitute for direct appeal, and matters which could have been raised on appeal will not be considered." United States v. Samuelson, 722 F.2d 425, 427 (8th Cir. 1983). If Andrews wished to raise the issue of the Court's error in sentencing, the proper vehicle would have been a direct appeal. As a result, Andrews is barred from raising the issue here in the collateral proceeding.

However, even if Andrews were not barred from raising the argument that his Fourth Amendment rights were violated by the stop, one hour delay, and search and seizure of his vehicle, I would reject this argument for the following reason. Andrews waived, through his plea agreement with the United States Attorney's Office, all rights to appeal except for prosecutorial misconduct and ineffective assistance of counsel. Andrews' Fourth Amendment claim cannot be independently raised in this collateral proceeding. He may raise this issue as the basis for an ineffective assistance of counsel claim, which he did and was addressed in the previous section.

As a result, I will deny Andrews' claim that his Fourth Amendment rights were violated by the stop, one hour delay, and search and seizure of his vehicle.

Accordingly,

**IT IS HEREBY ORDERED that** David L. Andrews' motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [#1] is **DENIED**.

**IT IS FURTHER ORDERED that** this Court will not issue a certificate of appealability, as Andrews has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 21st day of April, 2009.